**KOLLER LAW LLC**
David M. Koller, Esq. (90119)                                   *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OBA WILSON,** | : | **Civil Action No.** |
| **6669 Church Lane** | : | |
| **Upper Darby, PA 19082** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **CHILDREN'S HOSPITAL OF** | : | |
| **PHILADELPHIA,** | : | |
| **3401 Civic Center Boulevard** | : | |
| **Philadelphia, PA 19104** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Oba Wilson (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Children's Hospital of Philadelphia (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA").  In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant Children's Hospital of Philadelphia is a children's hospital with a location and corporate headquarters located at 3401 Civic Center

Boulevard, Philadelphia, PA 19104.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

<u>**JURISDICTION AND VENUE**</u>

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original

jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the Americans with Disabilities Act of 1990, as amended and the Pennsylvania Human Relations Act.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race and disability discrimination and retaliation against Defendant.

14. The Complaint was assigned a Charge Number of 530-2021-02623 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated August 30, 2021.  Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. In June 2001, Defendant hired Plaintiff in the position of General Service Worker III.

21. Plaintiff was well qualified for his position and performed well.

## PLAINTIFF WAS SUBJECTED TO RACE DISCRIMINATION BY HIS SUPERVISOR

22. Throughout Plaintiff's employment, Terri Higginson (Caucasian), Operations Manager, treated African American employees, including, but not limited to Plaintiff in a disparate manner.

23. Ms. Higginson spoke to African American employees in a rude and condescending manner, nitpicked their work product and micromanaged them.

24. However, Ms. Higginson did not treat Caucasian employees in a similar manner.

## PLAINTIFF'S FIANCÉ SUFFERED FROM A SERIOUS HEALTH CONDITION

25. In or around March 2019, Plaintiff's fiancé and now wife, Latoya Wilson, became seriously ill and was subsequently diagnosed with Lupus.

26. Shortly afterwards, Ms. Wilson began to experience complications from her Lupus and as a result began to suffer from renal failure.

27. As a result of Ms. Wilson's serious health condition, Plaintiff was required to provide her with care.

## PLAINTIFF REQUESTED A LEAVE OF ABSENCE TO PROVIDE CARE FOR HIS FIANCÉ

28. On April 24, 2019, Plaintiff requested a six (6) month non-paid leave of absence from Ms. Higginson in order to provide care for his fiancé.

29. As outlined in the Collective Bargaining Agreement ("CBA"), Plaintiff could take up to 12 months in a non-paid leave of absence in order to provide care for his fiancé.

30. Ms. Higginson derisively stated that Plaintiff already had FMLA leave and was now asking for a leave of absence.

31. She informed Plaintiff that she would notify him of her decision regarding his leave request shortly.

### MS. HIGGINSON DENIED PLAINTIFF'S LEAVE REQUEST

32. However, on April 26, 2019, Ms. Higginson informed Plaintiff that his leave request was denied.

### PLAINTIFF COMPLAINED TO HIS UNION REGARDING THE DENIAL OF HIS LEAVE OF ABSENCE

33. Shortly afterwards, Plaintiff complained to Guy Booth, Union Representative, about Ms. Higginson's denial of his leave request.

34. On May 3, 2019, Plaintiff filed a grievance with Thomasina Duckett, Shop Steward, regarding Ms. Higginson's denial of his leave of absence request.

### PLAINTIFF REQUESTED A LEAVE OF ABSENCE AGAIN, BUT WAS ONLY GRANTED A LEAVE FOR ONE (1) MONTH

35. On May 6, 2019, Plaintiff met with Ms. Higginson to discuss his need for a leave of absence in order to care for his fiancé.

36. Instead of the six (6) months that Plaintiff requested, Ms. Higginson only approved Plaintiff to go out on a leave of absence for one (1) month.

37. Plaintiff proceeded to begin his leave of absence.

## PLAINTIFF REQUESTED AN EXTENSION TO A LEAVE OF ABSENCE AND WAS APPROVED

38. On June 5, 2019, Plaintiff requested an extension to his leave of absence, as his fiancé was still severely ill at the time.

39. Defendant approved Plaintiff's leave of absence extension until June 29, 2019.

## PLAINTIFF REQUESTED AN EXTENSION TO A LEAVE OF ABSENCE, BUT WAS DENIED

40. On June 27, 2019, Plaintiff spoke with Darryl Benjamin (African American), Senior Human Resource Business Partner, about extending his leave of absence.

41. As a result of Defendant's initial refusal to grant Plaintiff his six (6) months leave of absence to provide care for his fiancé and her dire medical condition, Plaintiff began to suffer from significant stress and anxiety.

42. As a result of Plaintiff's stress and anxiety, he requested an additional three (3) months to his leave of absence.

43. Plaintiff was eligible for this extension to his leave of absence as per his CBA.

44. In addition, Plaintiff complained to Mr. Benjamin about Ms. Higginson refusing to grant his leave of absence and the comments that she made regarding his leave of absence.

45. However, the following day on June 28, 2019, Defendant denied Plaintiff's request for an extension to his leave of absence for his own serious health condition.

## PLAINTIFF SUFFERED FROM A PANIC ATTACK AND WAS SUBSEQUENTLY PLACED ON A LEAVE OF ABSENCE THROUGH SHORT-TERM DISABILITY

46. On or around August 29, 2019, Plaintiff suffered from a panic attack while at Defendant and was forced to leave work.

47. Plaintiff treated with Dr. Dongfang Diana Yin, Primary Care Physician, who placed Plaintiff on a medical leave of absence from August 30, 2019 to September 31, 2019.

48. On September 2, 2019, Plaintiff gave Dr. Yin's note to Ms. Higginson, who instructed Plaintiff to contact Unum, Defendant's third-party leave administrator.

49. On September 3, 2019, Plaintiff followed Ms. Higginson's instructions and applied for short-term disability leave through Unum.

50. Unum approved Plaintiff's request for short-term disability leave until March 10, 2020.

**PLAINTIFF WAS PLACED ON LONG-TERM DISABILITY LEAVE**

51. On March 11, 2020, Unum placed Plaintiff on long-term disability leave.

**DEFENDANT TERMINATED PLAINTIFF**

52. On June 6, 2020, Defendant terminated Plaintiff.

**COUNT I – RACE DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

53. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

54. Plaintiff is a member of protected classes in that he is African American.

55. Plaintiff was qualified to perform the job for which he was hired.

56. Plaintiff suffered adverse job actions, including, but not limited to termination.

57. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

58. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

59. Defendants discriminated against Plaintiff on the basis of race.

60. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

61. The reasons cited by Defendants for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – RACE DISCRIMINATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

62. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

63. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his race (African American).

64. As a result of Defendants' unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – DISABILITY DISCRIMINATION
## <u>AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED</u>

65. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

66. Plaintiff and his fiancé are "qualified individuals with a disability" as that term is defined under the ADA because Plaintiff and his fiancé has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff and his fiancé had a record of such an impairment or because Plaintiff and his wife were regarded as and/or perceived by Defendant and its agents as being disabled.

67. Plaintiff was qualified to perform the job.

68. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

69. Defendant regarded Plaintiff as disabled and terminated her because of that.

70. Circumstances indicated that Plaintiff's and his fiancé's disabilities were the reason for

the adverse employment action.

71. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

72. Plaintiff's and his fiancé's disabilities motivated Defendant's decision to terminate

Plaintiff.

73. The purported reason for Defendant's decision is pretextual.

74. Others similarly situated but outside of Plaintiff's protected class were treated more

favorably.

75. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered

damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of

this Complaint, *infra*.

## COUNT IV – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

76. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

77. Plaintiff and his fiancé are "qualified individuals with a disability" as that term is defined

under the PHRA because Plaintiff and his fiancé has, or had at all time relevant hereto, a

disability that substantially limits or limited one or more major life activities or because

Plaintiff and his fiancé had a record of such an impairment or because Plaintiff and his

wife were regarded as and/or perceived by Defendant and its agents as being disabled.

78. Plaintiff has disabilities that substantially limit major life activities.

79. Plaintiff was qualified to perform the job.

80. Plaintiff was subject to an adverse employment action, including, but not limited to

termination.

81. Defendant regarded Plaintiff as disabled and terminated him because of that.

82. Circumstances indicated that Plaintiff's and his fiancé's disabilities were the reason for the adverse employment action.

83. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

84. Plaintiff's and his fiancé's disabilities motivated Defendant's decision to terminate Plaintiff.

85. The purported reason for Defendant's decision is pretextual.

86. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

87. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – RETALIATION
## <u>AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED</u>

88. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

89. Plaintiff engaged in activity protected by the ADA when he requested a reasonable accommodation.

90. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

91. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VI – RETALIATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

92. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

93. Plaintiff engaged in activity protected by the PHRA when he requested a reasonable accommodation.

94. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

95. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.


## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff, Oba Wilson, requests that the Court grant him the following relief against Defendant:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Liquidated damages;

(d)    Emotional pain and suffering;

(e)    Reasonable attorneys' fees;

(f)    Recoverable costs;

(g)    Pre and post judgment interest;

(h)    An allowance to compensate for negative tax consequences;

(i)    A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or

participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the ADA and the PHRA.

(j)    Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in,  training  programs, policies, practices and programs which provide equal employment opportunities;

(k)    Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)    Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.


RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC


Date: November 29, 2021    **By:**  */s/ David M. Koller*
                             David M. Koller, Esquire (90119)
                             2043 Locust Street, Suite 1B
                             Philadelphia, PA 19103
                             215-545-8917
                             davidk@kollerlawfirm.com

                             *Counsel for Plaintiff*